Wheelee, J.
The assignment of errors embraces various matters which it is not deemed material to notice. Much of the argument of counsel for the appellant relates to the admissibility of evidence admitted without objection ar, the trial and other matters not properly presented by the record for revision.
The only question presented by the record which is deemed to require notice is as to the right of the plaintiff to recover in this action the balance of the amount for which he had become liable by giving his bond, but which he had not actually paid.
In treating of the proof necessary to entitle the plaintiff to recover under the count for money paid, Professor Greenloaf, in his Treatise on Evidence, says: •‘Whether the plaintiff can recover under this countwithout proof of the actual payment of money, and by only showing that he had become liable at all events to pay money for the defendant, is a point upon which there has been some apparent conflict of decisions. It has been held in England that where the plaintiff had given his own negotiable promissory note, which the creditor accepted as a substitute for the debt due by the defendant, lie was entitled to recover the amount under this count, though tiie note still remained unpaid. And it has also been held that where lie bad become liable for the debt by giving bis bond, though lie thereby procured the defendant’s discharge, lie could not. recover the amount from the defendant until lie liad actually paid the money due by tiie bond. Tiie latter rule has been adopted and followed by tiie American courts, on the ground that the bond is not negotiable nor treated as money in the ordinary transactions of business.” (2 Greeul. Ev., sec. 113.)
This distinction between the giving by the plaintiff of a bill of exchange or negotiable note, which has been accepted by the creditor in satisfaction of the •-¡ofendan t’s debt, and the giving of a bond or other security not negotiable, which has been in like manner accepted, seems to have been maintained by Hie English and American courts, and must be received as the settled law.' (Ib., aild in cases cited in notes; Chit, on Con., 5 Amer. ed., 592; 22 Stark. Ev., Part II., 7 Amer. od., p. 1060; 2 B. & Al. R., 51; 10 B. & C. R., 329, 346; 8 *166 Johns. R., 202; 4 Pick. R., 447; 7 Serg. & Rawle R., 238.) While a discharge of the debt by the surety in the former mode will enable him to maintain the action for money paid, a discharge in the latter will not.
Prom this doctrine it results that in the present ease the plaintiff was not entitled to recover except for the amount actually paid, and the verdict was excessive, in that it included the amount remaining unpaid upon his bond. The judgment must therefore be reversed and the cause remanded, unless the appellee shall remit the excess improperly allowed by the verdict, in which «ease judgment will be rendered for the residue to which he is entitled.
Ordered accordingly.