BALL v. MILLER.    (No. 1003.)

(Court of Civil Appeals of Texas.    Amarillo.
May 24, 1916.)

1. CONTINUANCE �köö51(4) — DISCRETION OF TRIAL COURT—REFUSAL OF CONTINUANCE.

In an action on a note where the defense was that plaintiff was only a surety for defendant and had not paid the note and that it was without consideration and was not intended to be paid, and where one continuance had been granted on account of the defendant's illness, the denial of a second continuance on a ground of the illness of his wife and a physician's advice that it was best for him to remain at home, and where, if defendant had been present and his testimony had sustained his defenses, there would have been a conflict of evidence upon the issues, and where there was evidence in the record entitling plaintiff to recover, the denial of the continuance was not an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 147; Dec. Dig. ⊸köö51(4).]

2. PRINCIPAL AND SURETY ⊸köö184—ACTION BY SURETY AGAINST PRINCIPAL—PAYMENT.

The general rule that a surety cannot recover against his principal until the former has paid the debt does not apply where the surety has satisfied the debt of the principal by the execution of his negotiable note.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 545–548; Dec. Dig. ⊸köö 184.]

3. PRINCIPAL AND SURETY ⊸köö184—ACTION BY SURETY—NOTE.

Where defendant's note to plaintiff was given in consideration of plaintiff's execution of his note to a bank, to reduce defendant's indebtedness thereto and the bank accepted the note, plaintiff could sue defendant on his note.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 545–548; Dec. Dig. ⊸köö 184.]

Appeal from District Court, Collin County; W. H. Garnett, Judge.

Suit by L. L. Miller against T. E. Ball. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. P. Brown and L. C. Clifton, both of McKinney, for appellant. R. C. Merritt and H. C. Miller, both of McKinney, for appellee.

HALL, J. Appellee, Miller, sued appellant, Ball, on the 4th day of August, 1914, upon a promissory note, executed by appellant to appellee, in the sum of $2,500, stipulating for 10 per cent. interest and 10 per cent. attorney's fees, and bearing a credit of $500 of date April 14, 1914. At the February term, 1915, appellant answered and, in addition to general demurrer and general denial, alleged that at the time of the execution of the note sued on it was agreed and understood that the same was not to be paid; that appellant, at the date of its execution, was indebted to the Farmers' & Merchants'

National Bank of Farmersville, Tex., in a sum in excess of the amount allowed by the national banking laws, and that said bank was insisting that appellant should reduce his indebtedness; that, for the purpose of making the books of the bank show that appellant was not indebted in excess of the lawful amount, appellant executed to appellee the note sued on and appellee executed his note to said bank in the sum of $2,500; that appellee was only a surety to said bank for appellant and has not paid the note executed by him to the bank, and that the note in suit is without consideration; that it was understood at the time and by all parties that appellee was not to pay the note executed by him to the bank, and that appellant was not to pay the note in suit. The case was called for trial at the May term, 1915, and appellant announced not ready and filed his second motion for a continuance, which was overruled. The case was then tried by the court, without a jury, resulting in a judgment in appellee's favor against appellant, in the sum of $2,533.80 and costs of suit.

[1-3] The first assignment is predicated upon the court's action in overruling appellant's motion for continuance. The substance of the motion is that appellant could not attend the trial on account of the serious illness of his wife. The condition of his wife is shown by the affidavit of a physician attached to and made a part thereof, in which it is stated that the wife of appellant is suffering from severe hemorrhages from the womb and that he believes it is best for Mr. Ball to remain at home with his wife during this condition. The court qualified the bill of exception, stating in substance that the case was continued at the former term on account of the sickness of appellant himself; that, if the defendant had been present and testified to every fact stated in the application, it could not have been material as a defense to the plaintiff's suit in any way; that the court did not believe if defendant had been present he would have testified as stated that Miller was only his surety, and, if he had done so, this was shown by the entire testimony in the case not to be true; further, that the affidavit of the physician does not state that the defendant's presence was necessary, but merely that he thinks it best for the defendant to be there; that the distance between Farmersville and McKinney is 16 miles, the two places being connected by rail, and defendant could have left Farmersville for McKinney and returned to Farmersville in the space of four hours, as trains were running regularly each way every day; or he could have left Farmersville by auto and reached McKinney for the trial, if he had so desired, and attended the trial and returned to his home within the space of three hours. The court then states as a conclusion that appellant

did not want to attend the court, but simply made it a pretext to continue the case.

In the condition we find the record, the facts stated in the qualification to the bill must be accepted by us as true. If appellant had attended the trial and his testimony had sustained the defenses alleged, the result would have been a sharp conflict of evidence upon the issues presented.

This being appellant's second motion for a continuance, the disposition to be made of it was a matter within the discretion of the trial court, and, unless an abuse of such discretion is shown, we are not authorized to reverse the judgment. Only one witness testified with reference to the transaction and agreement, concerning which appellant. insists he should have been permitted to testify. The evidence of this witness, Aston, who was the cashier of the bank, is to the effect that appellant was indebted some $2,-400 over and above an amount permissible under the banking laws; that witness informed appellant he must, by some method, reduce the amount of the debt; that appellant sent his son Walter Ball to see witness, saying he had made an arrangement with appellee Miller to take up the excess, to which arrangement witness, representing the bank, assented; that the bank accepted appellee Miller's note, for the amount of $2,500, as a payment of that much of Ball's indebtedness and credited Ball's account with the amount of the Miller note; that the bank claimed no interest whatever in the note sued upon, as it was given by Ball to Miller to indemnify him against loss.

On cross-examination, appellant's attorneys propounded certain questions by which it appears they expected to prove that Ball, Miller, and H. M. Rollins, the president of the bank, had an agreement or understanding by which the note sued upon was not to be paid at all; but no effort was made to establish this fact, either by Miller or Rollins, nor was appellant's son Walter called as a witness to contradict the statement made by the cashier as to the substance of the message delivered by him. The purport of this witness' testimony is not assailed in the motion for new trial. In this state of the record we must conclude that no abuse of discretion has been shown.

Appellant contends that Miller was simply his surety to the bank to the extent of $2,-500, and that, since the evidence fails to disclose that Miller had paid off the debt, he was not entitled to recover against appellant, and that there was no consideration for the note sued upon. The general rule that a surety cannot recover against his principal, until the former has paid the debt, does not apply where the surety has satisfied the debt of the principal by the execution of his negotiable promissory note.

In Boulware v. Robinson, 8 Tex. 329, 58 Am. Dec. 117, it is said:

"This distinction between the giving by the plaintiff of a bill of exchange or negotiable note, which has been accepted by the creditor in satisfaction of the defendant's debt, and the giving of a bond or other security, not negotiable, which has been in like manner accepted, seems to have been maintained by the English and American courts, and must be received as the settled law."

The rule is further discussed and clearly announced by Cobbs, Justice, in Yndo v. Rivas et al., 142 S. W. 920, and the holding approved by the Supreme Court.

We take it that the appellant, if present, could not have controverted the fact as stated by the bank cashier that Miller's note had been accepted as a payment to that extent on appellant's debt. Under the decisions cited, this clearly entitles appellee to maintain his action. Since we are not authorized to revise the ruling of the court upon the application for continuance, and because the evidence in the record which the presence of appellant at the trial could not have changed, or even modified, entitled appellee to a recovery, the judgment must be affirmed.