Elizabeth Shepherd v. Commissioner.
Shepherd v. Commissioner
Docket No. 2879.
United States Tax Court
1944 Tax Ct. Memo LEXIS 258; 3 T.C.M. (CCH) 429; T.C.M. (RIA) 44148; May 10, 1944
*258 Edgar J. Goodrich, Esq., 716 Investment Bldg., Washington, D.C., for the petitioner. E. M. Woolf, Esq., for the respondent. STERNHAGEN Findings of Fact and Memorandum Opinion The Commissioner determined a deficiency of $436 in income tax for 1941. Petitioner assails the disallowance of a bad debt deduction of $1,915, and in an amended petition claims an increase in the deduction. Findings of Fact Petitioner, the owner of a dress shop in Washington, D.C., filed her income tax return for 1941 in West Virginia. Prior to 1927, she lived in Shepherdstown, West Virginia, where her husband operated a farm. He had before 1927 in Shepherdstown borrowed $5,000 to $7,000 on notes, and petitioner signed them as accommodation endorser. On May 13, 1933, in Washington, he signed a note for $2,060 with six per cent interest and petitioner also signed this note as accommodation endorser. In 1927, they moved to Washington, and the husband engaged in the security business until about 1932, when many of the brokerage houses closed because of the depression. He left Washington for several years, and was variously employed. He returned for a short time to the security business in Washington. In 1937 *259 or 1938, he started a business of raising chickens on his mother's farm in West Virginia. In 1939, a loss of $286.16 was sustained in the operation of the chicken farm; gross receipts, $412.31, and total expenses $698.47. In 1940, the husband became ill; in the fall he became seriously ill and early in 1941 he was compelled to give up his chicken business. He died in August, 1942. In 1941, petitioner was informed that her husband would not be able to work again and had but a short time to live. The only payment made by the husband on the $2,060 Washington note was of $10, paid on October 19, 1934. He was financially unable to make further payments. On demand from the bank petitioner made the following payments on the note: Aug. 17, 1938
$ 400.00
Oct. 28, 1938
75.00
Jan. 10, 1939
50.00
Feb. 18, 1939
375.00
May 2, 1939
50.00
June 29, 1939
250.00
Sept. 23, 1939
50.00
Dec. 11, 1939
200.00
Mar. 22, 1940
80.00
May 13, 1940
40.00
June 24, 1940
40.00
July 10, 1940
80.00
Sept. 17,1940
358.96
$2,048.96
Apr. 4, 1941, On a/c int.
$50.00
May 2, 1941, On a/c int.
50.00
Her husband had repeatedly promised petitioner that he would reimburse her for the payment of the *260 note. On February 19, 1941, he executed a demand note payable to her for $2,060. There was nothing left in his estate from which the note could be paid. The chicken business was liquidated. The Shepherdstown notes had been paid in installments by the husband while petitioner was paying on the Washington note, and the notes had been paid in full at the time of his death. Other than income from his above described activities, petitioner's husband had no prospects of income from any source except that a trust had been created in the will of his grandmother in which he would be a beneficiary in the event he survived his three uncles, the life beneficiaries, two of whom survived him. He was an only child and his mother survived him. The claims of petitioner against her husband arising from the payments on the note made by her as endorser were worthless when the payments were made. Memorandum Opinion STERNHAGEN, Judge: Under the amendment of Section 124, Revenue Act of 1942, amending Section 23 (k) (1), Internal Revenue Code, the taxpayer is entitled to the deduction of "Debts which become worthless within the taxable year." It is clear that the debt for which the taxpayer took a deduction *261 in 1941 did not in fact become worthless within the taxable year but was worthless in the earlier years as soon as the taxpayer made payments on the note. There was not at that time, as the evidence shows, the slightest probability that Shepherd would become financially able to repay to the taxpayer the amounts which she was required by her signature on the note to pay. As a guarantor or accommodation endorser she was obligated to make the payments and, as such, she immediately had a claim against the maker for reimbursement. The note which Shepherd gave her in 1941 was not a new debt but only the indicia of the existing debt. The debt was already worthless and the new note had no greater value in her hands than the existing debt. As the evidence shows, when the taxpayer made the payments in 1938, 1939 and 1940, the debts to her which were thereby created were worthless instanter, and no one could have gainsaid her right to deductions in those years for the amounts paid respectively in each year. E. A. Roberts, 36 B.T.A. 549; Daniel Gimbel, 36 B.T.A. 539. Indeed she may still have a claim on that account for credit in *262 1941, if the conditions precedent have been met. As to this, however, this Court may express no opinion, since only the deduction for 1941 is within the issues here. The payments of $100 made by the taxpayer in 1941 are properly admitted by the Commissioner to be deductible in that year, and the deficiency will reflect that deduction. Decision will be entered under Rule 50.