**Raymond FULTON, Appellant,**

v.

**J. D. EDGE, Appellee.**

**No. 4775.**

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1968.

Rehearing Denied Dec. 26, 1968.

Bill Stephens, Collie & McSpedden, Dallas, for appellant.

J. Harris Morgan, Greenville, Donald R. Smith, Commerce, for appellee.

## OPINION

WILSON, Justice.

Summary judgment was rendered for defendant Edge in plaintiff Fulton's subrogation action as guarantor against Edge as principal for amounts advanced to a bank in satisfaction of Edge's obligation.

The record shows that Edge leased equipment from Fulton under a written lease which Fulton assigned to the bank. Fulton guaranteed Edge's payment to the bank as the lease provided. Edge failed to make payments called for by the lease, and Fulton was required to pay the bank the balance due under its terms. This he did on July 10, 1966. At that time the bank reassigned the lease to Fulton. There was then pending a suit by the bank against Edge for recovery of the same balance under the lease. After the taking of depositions and the filing of motion for summary judgment in the latter suit by the bank against Edge, judgment was rendered dismissing the action with prejudice on April 3, 1967 on the bank's motion. Edge had no notice of the reassignment. Fulton was not a party to that suit.

Fulton thereafter instituted the present suit against Edge alleging in two counts: (1) an action for debt directly on the lease agreement reassigned to him by the bank, and (2), alternatively, for reimbursement as subrogee for payment made to the bank under his guaranty.

Edge answered that the voluntary dismissal judgment in the bank's previous suit

against Edge was res judicata of all issues in the present suit because of Fulton's privity with the bank under the reassignment of the lease. The court sustained Edge's motion for summary judgment on the ground that "the cause of action asserted herein is the same cause of action and arises out of the same transaction" as that in the bank's suit, and since Fulton was in privity with the bank as a result of the reassignment, the prior judgment of dismissal was res judicata. Edge urges that same position before us.

■ We do not decide whether the stated basis for judgment and the argument of Edge concerning the reassignment is correct. Fulton is not relegated to contractual rights as assignee of the lease contract. He is entitled to pursue his subrogation rights as guarantor by virtue of having paid the obligation of Edge to the bank. Those rights are neither derived from nor dependent on the equipment lease contract or its assignment to him by the creditor bank. They result from payment.

■ Having discharged the obligation of Edge under his liability as guarantor, Fulton is entitled to pursue his action for reimbursement against Edge as the principal obligor. 27 Tex.Jur.2d, Guaranty, Sec. 58, p. 325; 38 Am.Jur.2d, Guaranty, Sec. 127, pp. 1135, 1136; 38 C.J.S. Guaranty § 111. See 53 Tex.Jur. 20, Suretyship, Sec. 111, p. 673.

■ The issues under this alternative cause of action and subject matter were not determined or involved in the prior suit, and as to them the dismissal judgment is not res judicata. See Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663; Connoly v. Hammond, 58 Tex. 11, 21; State v. Clark, 161 Tex. 10, 336 S.W.2d 612; City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W.2d 411, 414; James v. James, 81 Tex. 373, 16 S.W. 1087.

The judgment is reversed and the cause remanded.