**Raymond C. FULTON, Appellant,**

v.

**SOUTH OAK CLIFF STATE BANK, Appellee.**

**No. 17248.**

Court of Civil Appeals of Texas.

Dallas.

March 21, 1969.

Rehearing Denied April 11, 1969.

Bill Stephens, Dallas, for appellant.

Royal H. Brin, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This suit was brought by South Oak Cliff State Bank against Raymond C. Fulton to recover the unpaid balance of a promissory note executed by Fulton to the Bank and also to foreclose a lien upon certain personal property to secure the payment of said note. The note sued upon was a renewal of a previous note executed by Fulton to the Bank in payment and discharge of his obligation as a guarantor of certain lease rentals owed by one J. D. Edge.

Fulton answered by contending, inter alia, that the Bank's action in dismissing, with prejudice, a pending suit against Edge in Hunt County was *res judicata* of all issues and therefore this action was barred.

The case was submitted to the court, without a jury, on stipulated facts, summarized in chronological order as follows:

On July 9, 1965 Fulton leased certain items of equipment to Edge. Fulton assigned the Edge lease contract to the Bank on July 12, 1965. Edge thereafter defaulted in making the payment provided for in the contract. On November 1, 1965 the Bank instituted suit, as plaintiff, against Edge, as defendant, in Hunt County, Texas seeking to recover the principal amount of indebtedness and foreclose the lien on the personal poperty. Such suit was brought by the Bank with the knowledge of Fulton. On May 2, 1966 Fulton took possession of the equipment covered by the Edge lease and the same remained in his possession since that time. The Bank made demand on Fulton to pay the balance due under the Edge lease based on Fulton's guaranty thereof. On July 11, 1966 Fulton executed a promissory note payable to the Bank in the principal sum of $19,165.68, representing the unpaid balance due on the Edge agreement which was accepted by the Bank in discharge of Fulton's obligation under his guaranty to the Bank. Thereafter on October 27, 1966 Fulton executed a new note to the Bank in the sum of $18,710.88, being a renewal of the first note, with lower monthly payments. In connection with this note Fulton executed a security agreement covering some of the personal property which had been originally covered by the Edge lease and which was then in Fulton's possession. On October 27, 1966 the Bank reassigned the Edge lease contract to Fulton. On April 3, 1967, on motion of the Bank, the suit against Edge in Hunt County, Texas was dismissed, with prejudice to refiling the same. Said dismissal was without the knowledge of Fulton and Fulton did not acquiesce in or agree to such dismissal. Said dismissal was not the result of any agreement between the Bank and Fulton or Edge and Fulton. Fulton did not learn of such dismissal until September 1967. On December 22, 1967 the Bank brought the instant suit against Fulton to recover on the promissory note, less the amount of $3,898.10 paid by Fulton and credited to the note. Fulton, by cross-action, sought a cancellation of the note dated October 27, 1966, together with the return of the moneys paid thereon. On July 25, 1968, the parties agreed and stipulated that in the event the dismissal of the Hunt County lawsuit by the Bank against Edge acted as a bar to Fulton maintaining suit against Edge "in connection with the matters involved in this suit" then, in that event, Fulton's note of July 11, 1966 and its subsequent renewal of October 27, 1966, shall be adjudicated a nullity and Fulton shall be repaid that sum of money which he had theretofore paid on such note. The parties also stipulated, on the same

date, that in the event the dismissal of the Hunt County lawsuit by the Bank did not bar Fulton from maintaining suit against Edge "in connection with the matters involved in this suit," then in that event the Bank should be granted judgment against Fulton for $14,842.78, plus interest and attorney's fees. The parties stipulated that at the time of the filing of such stipulation Fulton had not brought any suit against J. D. Edge in connection with the matters involved herein since the dismissal of the original suit.

On July 25, 1968 the case was submitted and argued to the trial court on the agreed questions and stipulated facts related above. Following argument the trial court requested briefs from the parties and on August 12, 1968 the trial court notified the parties that he would render judgment for the Bank and requested that such a decree be prepared and submitted.

At this point the record reveals an interesting epilogue.

During the progress of negotiations between the attorneys as to the form of the judgment to be signed by the trial judge, the attorneys for Fulton, in a motion for judgment, advised the court that the question raised by the pending litigation had now been resolved by an adjudication made by the District Court of Hunt County, Texas in Cause No. 30,461, styled Raymond Fulton vs J. D. Edge. This motion for judgment revealed that on August 21, 1968, nine days after the court had indicated that judgment would be rendered for the Bank, the attorneys for Fulton had filed Suit No. 30,461 in the District Court of Hunt County, Texas against J. D. Edge in which Fulton alleged two counts: (1) an action for debt directly on the lease agreement reassigned to him by the Bank, and (2) alternatively, for reimbursement as subrogee for payment made to the Bank as guarantor. On the same day, August 21, 1968, Edge filed his original answer and a motion for summary judgment. Fulton, on the same day, filed his answer to Edge's

motion for summary judgment. On the same day, the district court heard the motion for summary judgment and rendered judgment to the effect that Fulton was barred under the principle of *res judicata* from maintaining suit against Edge.

Upon being apprised of this action taken in the District Court of Hunt County, Texas the court, on August 29, 1968, proceeded to render judgment in favor of the Bank and against Fulton. Fulton perfected this appeal.

In the meantime, back in Hunt County, the attorneys for Fulton had perfected their appeal from the August 21, 1968 judgment in Cause No. 30,461 and on December 5, 1968 the Waco Court of Civil Appeals delivered its opinion in which it reversed and remanded the judgment of the District Court of Hunt County, Texas thereby holding that Fulton's cause of action against Edge had not been barred by the prior dismissal by the Bank. Fulton v. Edge, 435 S.W.2d 263 (Tex.Civ.App., Waco 1968, writ ref'd n.r.e.).

## OPINION

Appellant Fulton contends, in two points of error, that the judgment in favor of appellee Bank should be reversed because, as a matter of law, under the principle of *res judicata*, as well as principles of guaranty and suretyship, appellant is barred from maintaining suit against J. D. Edge.

As stated above, the facts in the case were stipulated and both parties agreed in the trial court that there was only one question to be decided and that was whether or not the dismissal by the Bank of its suit against Edge in Hunt County was a legal bar to Fulton's maintaining suit against Edge "in connection with the matters involved herein." The quoted portion of the stipulation is important since appellant attempts to reword the issue, as follows: "Did the dismissal, with prejudice, by Appellee, South Oak Cliff State Bank, in its suit against J. D. Edge in Hunt County, Texas, such suit arising out of a contract,

bar the maintenance of a suit against J. D. Edge by Appellant, Fulton, *concerning matters arising out of the same contract?"* (Emphasis supplied.)

■ We think the wording of the stipulation between the parties is quite important for several reasons. First, the trial court was justified in proceeding to adjudicate the rights of the parties in the light of the narrow question presented by agreement. Furthermore, at the time of the institution of the instant suit, Fulton was no longer a guarantor or a surety having executed his note of July 11, 1966, and subsequently renewing same, all being in discharge of his obligation as such guarantor or surety. In this suit Fulton was not sued as a guarantor of the original obligation and the lease agreement but as the maker of the note. It is settled law in Texas that a surety or guarantor who has paid the debt of his principal immediately acquires the right of action against the principal for the debt so paid. This is true even though the guarantor or surety discharges the pre-existing indebtedness by giving his own promissory note therefor. "Where a surety has discharged the joint obligation of himself and his principal by giving his own negotiable paper, which the creditor has accepted in full satisfaction, the surety can maintain an action against the principal for the amount, though the note remains unpaid." 53 Tex.Jur.2d, Suretyship, § 111, p. 673; Boulware v. Robinson, 8 Tex. 327 (1852); Yndo v. Rivas, 142 S.W. 920 (Tex.Civ.App., San Antonio 1911, affirmed 107 Tex. 408, 180 S.W. 96, 1915); Ball v. Miller, 187 S.W. 688 (Tex.Civ.App., Amarillo 1916).

■ The Waco Court of Civil Appeals, in sustaining the position asserted by Fulton's attorneys before that court, correctly stated that Fulton is not now relegated to his contractual rights as assignee of the lease contract:

" * * * He is entitled to pursue his subrogation rights as guarantor by virtue of having paid the obligation of Edge to the bank. Those rights are neither derived from nor dependent on the equipment lease contract or its assignment to him by the creditor bank. They result from payment.

Having discharged the obligation of Edge under his liability as guarantor, Fulton is entitled to pursue his action for reimbursement against Edge as the principal obligor. 27 Tex.Jur.2d Guaranty, Sec. 58, p. 325; 38 Am.Jur.2d, Guaranty, Sec. 127, pp. 1135, 1136; 38 C.J.S. Guarty § 111. See 53 Tex.Jur. 20, Suretyship, Sec. 111, p. 673.

The issues under this alternative cause of action and subject matter were not determined or involved in the prior suit, and as to them the dismissal judgment is not res judicata. See Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663; Connoly v. Hammond, 58 Tex. 11, 21; State v. Clark, 161 Tex. 10, 336 S.W.2d 612; City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W.2d 411, 414; James v. James, 81 Tex. 373, 16 S.W. 1087." Fulton v. Edge, 435 S.W.2d 263 (Tex. Civ.App., Waco 1968, writ ref'd n.r.e.).

■ We agree that the trial court was correct in rendering the judgment for appellee thereby holding, as a matter of law, that the dismissal by the Bank of the prior suit against Edge in Hunt County did not effectively bar Fulton's right of action against Edge growing out of the matters involved in this litigation. Appellant's points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.