**BRADFORD PARTNERS II, L.P., et al., Appellants**

v.

**Craig M. FAHNING, et al., Appellees.**

No. 05–06–00771–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2007.

514

J. Clarke Wilcox, The Law Office of J. Clarke Wilcox, Irving, for appellants.

Richard W. Ward, Dallas, for appellees.

Before Justices WRIGHT, RICHTER, and LANG.

## OPINION

Opinion by Justice WRIGHT.

Appellants Bradford Partners II, L.P. ("Bradford"), Wilson James Harris, and Bradford Custom Homes by Jim Harris, Inc. ("BCH") appeal a summary judgment in favor of Craig Fahning, Joann W. Fahning, and Airchaud, Inc. In nine issues, appellants contend generally that the trial court erred in: (1) granting summary judgment on the counterclaims because the Fahnings are not subrogated to the rights of the lender and BCH did not breach the partnership agreement; (2) in granting summary judgment on the appellants' claims because an adequate time for discovery had not passed and the no-evidence motion for summary judgment was deficient; and (3) striking certain portions of Harris's affidavit, the appellants' amended response to the motion for summary judgment, and exhibits attached thereto. We overrule appellants' issues and affirm the trial court's judgment.

## Background

On January 1, 2002, the Fahnings, as limited partners, and BCH, as general partner, entered into a limited partnership agreement. They formed a limited partnership called Bradford Partners II, L.P. The purpose of Bradford Partners was to purchase residential real estate lots and build and market homes on those lots.

On March 26, 2002, Bradford Partners borrowed $251,440.00 from YYP Funds, Inc. as evidenced by a promissory note. The note was secured by a deed of trust on six lots. The Fahnings and Harris executed personal guarantees on the notes.

Bradford Partners became delinquent on the YYP note. YYP made demand on the guarantors. When the guarantors failed to pay, YYP sued and obtained a judgment in November 2004. YYP filed an abstract of judgment in the records of Collin County, Texas. To collect on the judgment, YYP garnished several of the Fahnings bank accounts. The Fahnings voluntarily made a payment in the amount of $28,013.75. In all total, the Fahnings paid $119,949.16 as guarantors on the note. Harris paid a total of $199,039.46 as guarantor on the note.

A second abstract of judgment was filed in the records of Collin County, Texas against Bradford Partners on January 24, 2005. On January 27, 2005, Bradford Partners executed a deed of trust in favor of C 1 Capital Markets LP and C One Capital Markets LP on lots it owned. A homeowners association filed liens against lots owned by Bradford Partners for failure to pay association dues. The Fahnings did not consent to any of the above actions and considered BCH to be in default under the partnership agreement. On July 26, 2005, the Fahnings removed BCH as the general partner of Bradford Partners and substituted Airchaud, Inc. in its place.

Appellants filed suit against the Fahnings and Airchaud on August 19, 2005 asserting claims for breach of the partnership agreement and breach of fiduciary duty. Appellants sought a declaratory judgment that the Fahnings and Airchaud were in breach of the agreement and that BCH should remain the general partner. The Fahnings and Airchaud counterclaimed. They sought a declaratory judgment that: (1) BCH, as general partner of Bradford Partners, was in default under the agreement; (2) the Fahnings, as limited partners, replaced BCH as general partner pursuant to the agreement; (3) Airchaud is the general partner of Bradford Partners; and (4) the Fahnings are subrogated to the rights of YYP. The Fahnings and Airchaud filed a motion for summary judgment and the trial court granted it. This appeal timely followed.

## Standard of Review

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

A no-evidence motion for summary judgment places the burden on the non-movant to present summary judgment evidence raising a genuine fact issue. *Espalin v. Children's Med. Ctr. of Dallas,* 27 S.W.3d 675, 683 (Tex.App.-Dallas 2000, no

pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). Thus, we must determine whether the non-movant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833. When both traditional and no-evidence motions for summary judgment are filed, the reviewing court must uphold the summary judgment if it can be sustained under either method. *Ketter v. ESC Med. Sys., Inc.,* 169 S.W.3d 791, 799 n. 3 (Tex.App.-Dallas 2005, no pet.).

## Summary Judgment on the Counterclaims

### 1. Subrogation Rights

■ In their first two issues, the appellants contend the trial court erred in declaring that the Fahnings are subrogated to the rights of YYP. Specifically, appellants contend the Fahnings failed to show that they met the statutory requirements for subrogation or that YYP had assigned it rights under the deed of trust to them.

In their motion for summary judgment, the Fahnings asserted they were subrogated to the rights of YYP for two reasons: (1) section 34.04 of the Texas Business and Commerce Code provides for subrogation; and (2) case law holds that equity confers the right of subrogation where a surety pays the debt of the principal. For reasons that follow, we conclude the trial court did not err in declaring that the Fahnings are subrogated to the rights of

YYP including the deed of trust securing the promissory note.

Section 34.04(b) provides that a surety who pays on a judgment is subrogated to all of the judgment creditor's rights under the judgment. TEX. BUS. & COM.CODE ANN. § 34.04(b) (Vernon 2002). YYP obtained a money judgment against Bradford Partners and the guarantors. The Fahnings alleged that they were subrogated to YYP's rights under the deed of trust, not under the judgment. Accordingly, section 34.04 is inapplicable.

The Fahnings also alleged that they were equitably subrogated to the rights of YYP. They argued that once the debt to YYP was paid in full, they were subrogated to the rights of YYP.

■ The Texas Supreme Court has held: "Because the surety promises to pay the debt of another, equity confers the right of subrogation. If the surety … pays the debt of the principal, the surety is subrogated to all of the rights, remedies, equities, and securities of the creditor." *Crimmins v. Lowry,* 691 S.W.2d 582, 585 (Tex.1985). A surety has the right to foreclose on collateral given as security for the note. *Id.* The right of a guarantor to pursue his subrogation rights is not dependent upon the contract or an assignment to him from the creditor. Rather the guarantor's subrogation rights result from the payment of the principal's debt. *Fulton v. South Oak Cliff State Bank,* 439 S.W.2d 730, 733 (Tex.Civ.App.-Dallas 1969, writ ref'd n.r.e.) (citing *Fulton v. Edge,* 435 S.W.2d 263, 265 (Tex.Civ.App.-Waco 1968, writ ref'd n.r.e.)).[1]

---

**1.** Appellants cite a case to support their contention that YYP had to assign the deed of trust to the Fahnings in order for equitable subrogation to apply. *See Highlands Cable Television, Inc. v. Wong,* 547 S.W.2d 324 (Tex. Civ.App.-Austin 1977, writ ref'd n.r.e.). This

case is not on point. In this case, the note was formally assigned to the guarantor after the obligation was paid. This case does not hold, however, that a formal assignment is a necessary prerequisite for the enforcement of rights transferred by equitable subrogation.

The Fahnings, along with the other limited partners, guaranteed the promissory note between Bradford Partners and YYP. Bradford Partners executed a deed of trust as security for the note. Bradford Partners defaulted on the payment of the note. YYP sued Bradford Partners and the limited partners guaranteeing the note and obtained a money judgment. YYP has been paid in full.

The summary judgment evidence included the affidavits of Craig and Joann Fahning. They each testified in their affidavits that they paid YYP the following amounts: (1) $7,608.10 through garnishment of their Charles Schwab account; (2) $68,678.51 through garnishment of their Bank of America account; (3) $15,648.80 through garnishment of their Community Credit Union account; and (4) a payment from Craig Fahning in the amount of $48,013.75. The Fahnings' affidavit testimony constitutes evidence that they paid $119,949.16 to YYP as guarantors on the Bradford Partners promissory note.

Appellants contend that the Fahnings presented no evidence that they paid these amounts under the guaranty. They contend the Fahnings had to submit documentary proof of the payments. We disagree. The Fahnings' affidavit testimony as to the payments is sufficient summary judgment evidence. Tex.R. Civ. P. 166a(c). Appellants did not present any evidence that the Fahnings did not make the payments.

■ Appellants argue that the forebearance agreement between Bradford Partners and YYP prevents the Fahnings from being subrogated to any rights under the deed of trust. We disagree. Under this agreement, YYP agreed not to sell any of the property at a foreclosure sale as long as Bradford Partners complied with the agreement's terms. The Fahnings were not parties to the forbearance agreement. Moreover, the forbearance agreement terminated on December 15, 2005. Because it had expired by its own terms before the Fahnings sought to enforce their rights under the deed of trust, we conclude the agreement had no impact on their enforcement efforts.

■ Appellants also argue that the trial court overlooked the fact that the Fahnings are only entitled to their contributive share as co-sureties. A co-surety is only entitled to his contributive share. *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 164 (Tex. App.-Waco 2004, pet. denied). The trial court's judgment limited the Fahnings' recovery accordingly. The trial court's judgment states that the Fahnings are subrogated to the rights of YYP under the deed of trust to enforce an indebtedness in the principal amount of $119,949.16, the Fahnings contributive share.

We conclude the trial court properly granted summary judgment declaring that the Fahnings were subrogated to the rights of YYP. We overrule appellants' first and second issues.

**2. Breach of the Partnership Agreement**

■ In their third issue, appellants contend that the trial court erred in granting summary judgment declaring that BCH breached the agreement by allowing certain documents to be filed against Bradford.[2]

---

**2.** The trial court's judgment states:

IT IS ORDERED that Bradford Custom Homes by Jim Harris, Inc. breached that Agreement of Limited Partnership for Bradford Partners II, L.P. effective January 1, 2002 (the "Partnership Agreement") by allowing the following to be filed against Bradford Partners II, L.P. or property owned by Bradford Partners II, L.P.: (1) the Abstract of Judgment; (2) a deed of trust recorded at Volume 5844 Page 4703 in the records of Collin County, Texas on

Pursuant to section 6.01(b)(ii) of the partnership agreement, the general partner, BCH, cannot, without the unanimous consent of the partners, "grant or create any mortgages, liens, easements, security interests, restrictions, restrictive covenants or other rights or interests burdening or encumbering the Partnership's real property." The summary judgment evidence shows that the following encumbrances were filed against Bradford Partners without the consent of the Fahnings, the limited partners,: (1) YYP filed an abstract of judgment on December 20, 2005; (2) Kenneth and Susan Everill filed an abstract of judgment on January 24, 2005; (3) Bradford Partners executed a deed of trust in favor of C 1 Capital Markets LP and C One Capital Markets LP against one of the lots owned by Bradford Partners on January 27, 2005; and (4) liens were filed against Bradford Partners properties on July 12, 2005 for failure to pay homeowner association dues. The Fahnings' summary judgment evidence established that BCH allowed the encumbrances to be placed against the partnership property without the unanimous consent of the limited partners. In doing so, BCH breached section 6.01(b)(ii) of the partnership agreement.

We conclude the trial court did not err in granting summary judgment and declaring that BCH breached the agreement. We overrule the appellants' third issue.

In their fourth issue, appellants contend the trial court erred in granting summary judgment and declaring that BCH was properly removed as the general partner of Bradford Partners.[3] Appellants contend that the actions of BCH after July 26, 2005 were authorized because BCH has never been properly removed as Bradford Partners' general partner.

Appellants contend that the partnership agreement provides only two grounds for removing the general partner: (1) the consent of a required interest;[4] and (2) an event of default by the general partner. Appellants contend that the agreement limits "default" to either the withdrawal or bankruptcy of the general partner. We disagree. The agreement does not limit the term "default." Section 9.03 addresses the replacement of a general partner who voluntarily withdraws as the general partner. That is not the situation that occurred in this case. Section 9.04 addresses the situation of a partner who becomes bankrupt. Again, that is not the situation involved in this case.

▮ The Fahnings removed BCH as general partner pursuant to section 9.02 of

---

January 28, 2005, in favor of C 1 Capital Markets L.P and C One Capital Markets LP; (3) liens in favor of Stonebridge Ranch Community Association, Inc. evidenced by filings on July 12, 2005 in Volume 5958 Pages 4123–4135, Volume 5958 Pages 4197–4199, Volume 5958 Pages 4207–4215, and Volume 5958 Pages 4275–4285; and (4) an abstract of judgment filed on January 24, 2005, on behalf of Kenneth A. and Susan Michelle Everill recorded at Volume 5840 Page 2265 of the records of Collin County, Texas.

3. The trial court's judgment states:

IT IS ORDERED that Airchaud, Inc. is the sole general partner of Bradford Partners, II, L.P. and that Bradford Custom Homes by Jim Harris, Inc. was properly removed as general partner of Bradford Partners II, L.P. on July 26, 2005, in accordance with the terms of the Partnership Agreement, and that Bradford Custom Homes by Jim Harris, Inc. has not been authorized to take any action on behalf of Bradford Partners II, L.P. at any time after July 26, 2005.

4. Under the partnership agreement, the term "required interest" means "the General Partner in its capacity as such and one or more Limited Partners having among them more that 75% of the Sharing Ratios of all Partners in the capacities as such."

the agreement. That section provides as follows:

> 9.02 Replacement of General Partner. The General Partner may be replaced by a new General Partner with the consent of a Required Interest or in the event of a default by the General Partner hereunder, and with the unanimous consent of the Limited Partners. Any such action for replacement also must (a) select a new General Partner, (b) specify any Capital Contribution it is to make, which shall be deposited with the Partnership and its Sharing Ration, and (c) be accompanied by an instrument executed by such new General Partner including such new General Partner's notice address, acceptance of all terms and provisions of this Agreement, an agreement to perform and discharge timely all of its obligations and liabilities hereunder. The new General Partner so selected shall be admitted to the Partnership as General Partner with the Sharing Ratio specified, and such removal shall be effective only immediately subsequent to such admission.

The agreement does not define or limit the term "default." In determining what the parties meant by "default" the court gives the word its plain, everyday meaning. *See Limestone Group, Inc. v. Sai Thong, L.L.C.*, 107 S.W.3d 793, 797 (Tex.App.-Amarillo 2003, no pet.). "Default" is defined as a failure to do an act. WEBSTER's NINTH NEW COLLEGIATE DICTIONARY 332 (9th ed.1985). The plain meaning of the term includes breach. *See Alaniz v. Yates Ford, Inc.*, 790 S.W.2d 38, 40 (Tex.App.-San Antonio 1990, no writ). Thus, because the plain meaning of "default" includes breach we give the term in the agreement

the same meaning. Under our discussion of appellant's third issue, we held that BCH breached the agreement. We conclude that BCH's breach constituted a default within the meaning of section 9.02.

Pursuant to section 9.02 of the agreement, the Fahnings, as the limited partners, had the authority to replace BCH as the general partner. The Fahnings replaced BCH with Airchaud, Inc. in accordance with the terms of section 9.02. We conclude the trial court did not err in declaring that BCH was properly removed as the general partner of Bradford Partners. We overrule the appellants' fourth issue.[5]

### Summary Judgment on Appellants' Claims

In their fifth issue, appellants contend the trial court erred in granting a take nothing judgment on their claims for breach of the partnership agreement and breach of fiduciary duty. Appellants contend the trial court erred in granting summary judgment on their claims because an adequate time for discovery had not passed and the Fahnings failed to set forth the elements of their claims that lacked evidence.

■ After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more of the essential elements of a claim. *See* TEX.R. CIV. P. 166(i). In order to preserve a complaint that the summary judgment was premature, the party claiming it did not have adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enter-*

---

5. In their ninth issue, appellants contend generally that the trial court erred in granting summary judgment because it failed to properly apply the summary judgment standards. In light of this court's disposition of appellants' first four issues, we overrule appellants' ninth issue.

*prise Prod. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Yokogawa Corp. of Am. v. Skye Int'l Holdings, Inc.*, 159 S.W.3d 266, 271–72 (Tex.App.-Dallas 2005, no pet.). Appellants did not file an affidavit explaining the need for further discovery nor did they file a verified motion for continuance. Accordingly, we conclude appellants have waived their complaint that an adequate time for discovery had not passed. *See Tenneco*, 925 S.W.2d at 647; *Yokogawa*, 159 S.W.3d at 271–72.

■■■ Appellants also contend that the no-evidence motion for summary judgment was substantively defective. They contend the motion failed to specify the elements of the claims for which there was allegedly no evidence.

■■■ A no-evidence motion for summary judgment must state the elements for which there is no evidence. Tex.R. Civ. P. 166a(i); *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 659–60 (Tex.App.-Dallas 2005, pet. denied). An essential element of a breach of contract claim is a party's failure to perform. *See McGraw v. Brown Realty Co.*, 195 S.W.3d 271, 276 (Tex.App.-Dallas 2006, no pet.). Likewise, an essential element of a breach of fiduciary duty claim is that a party breached its fiduciary duty. *See Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex.App.-Texarkana 2004, no pet.).

In their motion for summary judgment, the Fahnings alleged that there was no evidence to establish that they had breached either the partnership agreement or any fiduciary duty owed to appellants. The Fahnings specified that there was no evidence to support the breach elements of both of appellants' claims.[6] Accordingly,

we conclude the Fahnings no-evidence motion for summary judgment was proper.

We conclude the trial court properly granted a take nothing judgment on the appellants' claims of breach of the partnership agreement and breach of fiduciary duty. We overrule appellants' fifth issue.

### The Harris Affidavit

■■■ In their sixth issue, appellants contend the trial court erred in striking portions of Harris's affidavit. They contend that the Fahnings' objections were untimely filed and that Harris's testimony was admissible. We review a trial court's ruling that sustains an objection to summary judgment evidence for an abuse of discretion. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex.App.-Dallas 2006, no pet.).

The Fahnings' motion for summary judgment was set for submission on February 10, 2006. Appellants filed their response to the Fahnings' motion for summary judgment on February 3, 2006. The Harris affidavit was attached to the response. The Fahnings filed their objections to the appellants' summary judgment evidence on February 9, 2006.

■■■ A movant's exceptions to the non-movant's response or reply should be filed at least three days before the hearing. Tex.R. Civ. P. 21, 91; *McConnell v. Southside ISD*, 858 S.W.2d 337, 343 n. 7 (Tex. 1993). However, a movant's objections to the competency of a non-movant's evidence that are filed the day of the hearing are not untimely and may be considered and ruled upon by the trial court. *Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex.App.-Fort Worth 2004, pet. denied). We con-

---

6. The case relied upon by appellants to support their contention that the motion for summary judgment specific as to the elements lacking evidence is distinguishable. *See Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1

(Tex.App.-San Antonio 2000, pet. denied). In that case, the court held that the defendant had simply challenged the plaintiff's factual allegations and not the elements of its causes of action.

clude the Fahnings' objections, filed one day before the motion for summary judgment was submitted to the trial court, were timely.

■ We now consider whether the trial court abused its discretion in sustaining the objections to the Harris affidavit. When an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because he has not challenged all possible grounds for the trial court's ruling that sustained the objection. *See Cantu*, 195 S.W.3d at 871.

On appeal, appellants complain about the trial court sustaining objections to paragraphs four through twelve of the Harris affidavit. We will address each paragraph in turn. The Fahnings asserted that the statements in paragraph four were conclusory, contained hearsay, and that Harris was not qualified to render an opinion about the Fahnings abandonment of their positions as limited partners. On appeal, appellants argue that Harris had personal knowledge to make the statements in paragraph four. However, the Fahnings did not assert a lack of personal knowledge objection to paragraph four. Appellants do not assign error to the objections made by the Fahnings and sustained by the trial court. Consequently, we conclude the trial court did not err in sustaining the objections to paragraph four of the Harris affidavit.

The Fahnings objected to paragraph five of the Harris affidavit on the grounds of lack of personal knowledge and hearsay. Appellants challenge only the lack of personal knowledge objection. By failing to challenge both of the asserted objections, appellants have waived their complaint. *See Cantu*, 195 S.W.3d at 871.

In paragraph six of the affidavit, Harris stated "Bradford Custom Homes by Jim Harris, Inc., as surety," has paid certain sums on the YYP loan. The Fahnings objected to the reference to BCH as a surety as conclusory. Harris did not offer any facts in support of this statement. In fact, the summary judgment evidence shows that BCH was not a surety. The guaranty for the promissory note between Bradford Partners and YYP lists the guarantors as Wilson James Harris, Craig Fahning, and Joann Fahning. Because Harris's statement is not supported by facts, we conclude the trial court did not err in sustaining the objection. *See James L. Gang & Assoc., Inc. v. Abbott Laboratories, Inc.*, 198 S.W.3d 434, 439 (Tex.App.-Dallas 2006, no pet.) (conclusory statements in affidavits are not proper summary judgment evidence if there are no facts to support the conclusions). Moreover, appellants failed to challenge the hearsay and relevance objections to the same paragraph, thereby waiving their complaints. *See Cantu*, 195 S.W.3d at 871.

The Fahnings objected to the seventh paragraph of the Harris affidavit on the grounds that the statements are irrelevant contentions and the last sentence is conclusory. On appeal, appellants do not address these two objections. Instead, appellants argue that the statements in paragraph seven are based on Harris's personal knowledge and experience. Because appellants do not assign error to the objections made, we conclude the trial court did not err in sustaining the objections.

■ As to paragraph eight of the Harris affidavit, the Fahnings objected that the statements are irrelevant in their entirety and that the first sentence was conclusory. Paragraph eight addresses the attempt by the Fahnings to sell five of the lots, appellants' opposition to the sale, and

the fact that the sale did not go through. Appellants do not explain how the statements in paragraph eight relate to seeking a declaratory judgment that they are equitably subrogated to the rights of YYP and that BCH was properly removed as the general partner of Bradford Partners. We conclude that these statements are irrelevant to the Fahnings' motion for summary judgment. Thus, the trial court did not abuse its discretion in sustaining the objections.

The Fahnings objected to paragraphs nine and ten on the grounds of lack of personal knowledge, irrelevance, and hearsay. Appellants do not address the Fahnings' hearsay objection with respect to these two paragraphs. Accordingly, they have waived their complaint with respect to paragraphs nine and ten. *See Cantu,* 195 S.W.3d at 871.

The Fahnings objected to paragraph eleven on the grounds that Harris lacked personal knowledge and that the statements are irrelevant and conclusory. Appellants fail to address the irrelevant and conclusory objections. Accordingly, they have waived their complaints with respect to paragraph eleven. *See Cantu,* 195 S.W.3d at 871. Appellants, likewise, have waived their complaints with regard to the trial court's ruling on paragraph twelve of the Harris affidavit by challenging only two of the three objections. *See Cantu,* 195 S.W.3d at 871.

We conclude the trial court did not abuse its discretion in sustaining the Fahnings' objections to the Harris affidavit. Accordingly, we overrule appellants' sixth issue.

### The Amended Response and Exhibit

 In their eighth issue, appellants contend the trial court erred in failing to consider their amended response to the motion for summary judgment. Summary judgment evidence may be filed late, but only with leave of the trial court. Tex.R. Civ. P. 166a(c); *Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex.1996).

The trial court set February 10, 2006 as the submission date for the motion for summary judgment. Appellants timely filed their response on February 3, 2006. Appellants filed an amended response on February 20, 2006 and the Fahnings moved to strike it as untimely. The parties agree that the trial court struck appellants' amended response.[7]

The amended response was not timely because it was filed ten days after the date set for submission of the motion for summary judgment. *See* Tex.R. Civ. P. 166a(c). Appellants did not seek leave to file the late response. Accordingly, the trial court did not err in striking it. We overrule appellants' eighth issue.

In their seventh issue, appellants contend the trial court erred in striking the forebearance agreement from its summary judgment evidence. Appellants attached the forebearance agreement as an exhibit to its amended response to the motion for summary judgment. We have already held that the trial court properly struck appellants' amended response as untimely filed. Accordingly, the trial court did not err in excluding the forebearance agreement from consideration. We overrule appellants' seventh issue.

We affirm the trial court's judgment.

---

**7.** Although appellants provide a citation to "CR 2–22," we were unable to locate the trial court's order striking the amended response in the clerk's record.