



## MEMORANDUM OPINION

No. 04-11-00541-CV

**ESTATE OF** Lawrence **BROWN**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2005-PC-3853
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:      Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  June 27, 2012

AFFIRMED

This is an appeal from the probate court's order granting summary judgment in a dispute

relating to the ownership of account funds interpleaded into the court registry.  After considering

competing motions for summary judgment, the trial court ordered the funds paid to Alberto

Villafuerte, Independent Executor for the Estate of Lawrence Brown.  Leonard Mark Williams

appeals the probate court's judgment.  Although he sets forth several issues, Williams provides

arguments and authorities for two issues: (1) the trial court erred in striking an affidavit he

presented as summary judgment evidence, and (2) the trial court erred in granting the motion for

summary judgment filed by Villafuerte, and denying Williams's motion for summary judgment.

**BACKGROUND**

On April 5, 1999, Lawrence Brown executed a will providing that his estate, including "real, personal and mixed of whatsoever kind or nature and wheresoever situated," should pass to Dorothy Applewhite and Lionel Thompson equally. However, if either predeceased him, the estate would pass to the remaining survivor. The will further provided if both Applewhite and Thompson predeceased Brown, the estate would be divided as follows:

*Two-thirds to the Executor to establish a supplemental needs trust for Lawrence Brown's sister, Margaret P. Adams;

*One-third to the Salvation Army for its operations in Bexar County, Texas.

The will also provided that if Adams predeceased Brown, the estate should "all [pass] to the Salvation Army for its operations in Bexar County, Texas."

In July 2004, Brown executed a Membership Application and Agreement Update with his financial institution, the San Antonio City Employees Federal Credit Union ("Credit Union"). In this document, Brown named Leonard Williams as a beneficiary on the accounts. However, the document stated Williams's percentage as a beneficiary was "00.0%." Later that same year, Brown executed a statutory durable power of attorney to allow someone to take care of his interests in the event he was unable to do so. Brown named his former spouse, Fannie Mae Brown, as his agent. Almost immediately thereafter, Fannie Mae executed a second Membership Application and Agreement Update with the Credit Union. Although certain changes were made, Williams remained a 00.0% beneficiary on the accounts.

Applewhite, Thompson, and Adams predeceased Brown. Brown died on April 21, 2005, and his will was admitted to probate on January 3, 2006. Major Ernest Steadham, San Antonio Area Commander of the Salvation Army, was appointed executor of the estate. At the time of his death, Brown had several accounts with the Credit Union. On June 29, 2006, Steadham

asked the Credit Union to place a hold on all of Brown's accounts. The Credit Union refused in the absence of a court order, reasoning that the second Membership Agreement, executed on December 14, 2004, named Fannie Mae Brown as joint owner with a right of survivorship on the accounts, which entitled her to the funds should she request them.

Steadham, on behalf of the estate, filed an original petition for declaratory judgment, asking the probate court to declare that Fannie Mae had no right to the account funds because the funds belonged to the Salvation Army under the terms of Brown's will. The Credit Union subsequently filed a motion for summary judgment, claiming that upon Brown's death, title to the accounts vested in Fannie Mae as joint owner with right of survivorship. Alternatively, the Credit Union asserted Williams was the rightful owner of the account funds under the terms of the original Membership Agreement. Steadham filed a counter-motion for summary judgment, alleging the power of attorney failed to meet the requirements set forth in the Texas Probate Code to create a joint account with a right of survivorship.

Williams was named a third-party defendant in the action between the Credit Union and the executor. Williams also filed a motion for summary judgment asserting his right to the funds in the account. In support of his motion, Williams attached the affidavit of Sonya Herrada, a vice-president of the Credit Union, which purported to explain that Williams's listed beneficiary percentage of 00.0% was erroneous. Villafuerte, who succeeded Steadham as the executor for the estate, objected to Herrada's affidavit on the ground it violated the parol evidence rule. The trial court agreed, sustained the objection, and ordered the affidavit struck.

In 2009, the Credit Union entered into a settlement agreement with Williams. The probate court ultimately granted Williams's motion for summary judgment as to Fannie Mae,

finding the power of attorney did not authorize her to establish a joint account with a right of survivorship. As a result, the only remaining parties were the executor and Williams.

The probate court granted Villafuerte's motion for summary judgment and denied Williams's motion for summary judgment. Williams subsequently filed a motion for new trial, which the probate court denied, and thereafter perfected this appeal.

## ANALYSIS

On appeal, Williams asserts three or four issues, depending upon which portion of the brief is considered. However, when all those issues are reviewed, we find Williams has but two complaints:

The probate court erred in striking Herrada's affidavit; and

The probate court erred in denying Williams's motion for summary judgment and in granting the executor's motion for summary judgment.

### *Herrada's Affidavit*

As noted, Williams contends the trial court erred in sustaining the executor's objection to Herrada's affidavit and striking it. In response, Villafuerte argues Williams failed to preserve this issue for appellate review, or alternatively that there was no error.

### *Standard of Review*

Because the admissibility of evidence is generally within the discretion of the trial court, we review a trial court's ruling on summary judgment evidence for an abuse of discretion. *Fort Brown Villas III Condominium Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009); *Bradford Partners II, L.P. v. Fahning*, 231 S.W.3d 513, 521 (Tex. App.—Dallas 2007). The ruling of the trial court will only be reversed if the trial court acted unreasonably, "without reference to any guiding rules and principles." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004).

*Application*

In his opening brief, Williams argues only that the trial court erred in striking the affidavit because Herrada was an expert, possessing specialized knowledge that would explain the 00.0% beneficiary amount listed in Brown's Membership Agreement was the result of a "glitch" in the computer operations of the credit union. However, as previously noted, Villafuerte objected to Herrada's affidavit on the ground that it violated the parol evidence rule, which provides that in the absence of fraud, accident, or mistake, extrinsic evidence is not admissible to change or contradict the terms of a written contract that is facially complete and unambiguous. *See Gail v. Berry*, 353 S.W.3d 520, 523 (Tex. App.—Eastland 2011, pet. denied). On appeal, however, Williams does not mention or respond to the parol evidence objection. Rather, Williams argues only that Herrada's affidavit should not have been struck because she had personal and specialized knowledge that qualified her, under Rule 702 of the Texas Rules of Evidence, to testify about the Credit Union's computer system and to explain the 00.0% designation. *See* TEX. R. EVID. 702 (stating that if scientific, technical, or other specialized knowledge will assist the trier of fact to understand evidence or determine fact issue, witness qualified as expert by knowledge, skill, experience, training, or education may testify thereto in form of opinion or otherwise). Herrada's lack of expertise or knowledge, however, was not the basis for the Villafuerte's objection. The objection was based solely on a violation of the parol evidence rule, and Williams did not raise an appellate issue challenging the trial court's ruling on that basis. Instead of asserting the agreement was ambiguous or there was extrinsic evidence of fraud, accident, or mistake as to the agreement, William merely argues Herrada was a qualified expert with specialized knowledge under rule 702. Accordingly, we need not address this issue.[1]

---

[1] We note that Williams provides some argument concerning the parol evidence rule in his reply brief, though he provides no authority establishing it is inapplicable here. And even if he had, Williams is not permitted to raise new

### *Summary Judgment*

In his second issue, Williams asserts the probate court erred in denying his motion for summary judgment and granting Villafuerte's motion for summary judgment. In support of his contention, Williams relies solely on Herrada's affidavit, which he argues creates a fact issue as to whether he was entitled to funds from the Credit Union accounts.

Because no issue was properly raised challenging the trial court's decision to strike the affidavit based on the parol evidence rule, Williams is in the position of having offered no summary judgment proof to show that a genuine issue of material fact exists. *See* TEX. R. CIV. P. 166a(c). The remaining evidence we have to review includes the Membership Agreement, which indicates that Williams is not entitled to the account funds as he is a "00.0%" beneficiary. Therefore, we hold that the trial court did not err in granting Villafuerte's motion for summary judgment and denying Williams' motion for summary judgment.

### CONCLUSION

Based on the foregoing, we hold the trial court properly granted summary judgment in favor of Villafuerte and affirm the probate court's judgment.

Marialyn Barnard, Justice

---

issues in his reply brief that were not raised in his appellant's brief. *See Quick v. Plastic Solutions of Tex., Inc.*, 270 S.W.3d 173, 186 (Tex. App.—El Paso 2008, no pet.); *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied). Nowhere in Williams's opening brief is there any argument that the parol evidence rule did not bar Herrada's testimony.