

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00173-CV

LOUIS C. BARNES                                                    APPELLANT

V.

CHARLES MICHAEL ATHENS                                             APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In two issues, Appellant Louis C. Barnes, appearing pro se, appeals the take-nothing summary judgment granted in favor of Appellee Charles Michael Athens. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

---
[1]See Tex. R. App. P. 47.4.

Following a three-car accident allegedly caused by Athens and resulting in injuries to Barnes, Barnes sued Athens in the justice of the peace court. The matter was tried to a jury, which awarded Barnes $2,000 for pain and suffering. The justice of the peace signed a judgment awarding Barnes $2,000, plus postjudgment interest and court costs. Barnes thereafter appealed the judgment to the county court at law.[2]

In the county court at law, Athens filed a traditional and no-evidence motion for summary judgment, arguing under the traditional portion that Barnes had originally filed his lawsuit after the expiration of the two-year statute of limitations applicable to tort claims and arguing in the no-evidence portion that Barnes had no evidence to prove his negligence claim. Barnes, in response, filed his first amended original petition and a response to Athens's motion for summary judgment. One day before the hearing on Athens's motion for summary judgment, Athens filed objections to Barnes's summary judgment evidence and served Barnes via certified and first-class mail the same day. The following day, the county court at law heard Athens's objections to Barnes's summary judgment evidence and sustained all of Athens's objections. The county court at law thereafter granted Athens's motion for summary judgment

---

[2]Athens states in his brief that he mailed Barnes a check in full satisfaction of the judgment and a release of judgment but that Barnes returned the check. The record before us does not contain evidence to support or refute these statements.

without stating the reasons and signed a judgment that Barnes take nothing on his claims against Athens. Barnes perfected this appeal.

### III. COUNTY COURT AT LAW DID NOT ABUSE ITS DISCRETION BY CONSIDERING AND SUSTAINING TIMELY-FILED OBJECTIONS WITHOUT GIVING OPPORTUNITY TO CURE DEFECTS

In his first issue, Barnes complains that the county court at law erred by granting summary judgment when the summary judgment response was filed one day before the hearing and was not properly before the court. In fact, Athens filed *objections* to Barnes's summary judgment evidence one day before the hearing; Athens was the summary judgment movant and did not file a response. The rules and cases that Barnes relies upon are not applicable here. Rule 166a does not impose a deadline by which a movant must file its reply (including objections) to a nonmovant's response. *See* Tex. R. Civ. P. 166a(c); *Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet. denied). As a result, a trial court acts within its discretion when it considers objections filed as late as the day of the hearing. *See Reynolds v. Murphy*, 188 S.W.3d 252, 259 (Tex. App.—Fort Worth 2006, pet. denied) (holding that movant's objections to competency of a nonmovant's evidence that were filed the day of the summary judgment hearing were not untimely and could be considered and ruled upon by the trial court), *cert. denied*, 549 U.S. 1281 (2007); *Shelton*, 144 S.W.3d at 118–19 (holding that trial court was within its discretion to consider appellees' objections to summary judgment evidence even though objections were filed two days before summary judgment hearing); *see also*

3

*Bradford Partners II, L.P. v. Fahning*, 231 S.W.3d 513, 521–22 (Tex. App.—Dallas 2007, no pet.) (holding that objections, filed one day before the summary judgment motion was submitted to the trial court, were timely). We hold that the county court at law did not abuse its discretion by considering and ruling upon Athens's objections. We therefore overrule Barnes's first issue.[3]

In his second issue, Barnes argues that the county court at law erred by sustaining Athens's objections to Barnes's summary judgment evidence without allowing Barnes an opportunity to cure the defects.[4] But the record does not show that Barnes requested the opportunity to cure the defects. The civil docket notes that "¶ appeared" at the summary judgment hearing, but no record was made of the summary judgment hearing. Nothing exists in the record to show that Barnes took any action in the county court at law to indicate that he desired the opportunity to correct any defects in his summary judgment evidence; the record does not show that Barnes requested or filed a motion for continuance for

---

[3]To the extent that Barnes's first issue could be very broadly construed as a challenge not only to the trial court's consideration of Athens's objections but also as a challenge to the summary judgment for Athens, Barnes makes no argument attacking the substantive grounds on which Athens sought summary judgment—that Barnes filed suit outside the applicable statute of limitations and that no evidence exists of negligence by Athens. Consequently, even broadly construing Barnes's issue, he has not shown that the summary judgment for Athens was erroneous.

[4]Barnes concedes in his brief that Athens's objections "had some merit." Barnes does not argue on appeal that the substance of the trial court's rulings sustaining Athens's objections was erroneous—only that he should have been given an opportunity to cure any defects before the trial court ruled.

4

time to respond to Athens's objections. The county court at law did not err by ruling on Athens's objections without granting Barnes relief he did not request—that being the opportunity to cure the defects in his summary judgment evidence. *See Coleman v. Woolf*, 129 S.W.3d 744, 750 (Tex. App.—Fort Worth 2004, no pet.) (holding that in absence of timely request, objection, or motion seeking the opportunity to cure defects, trial court did not err by failing to grant unrequested relief of providing opportunity to cure defect in doctor's affidavit); *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that in the absence of request for a continuance in order to respond to objections, trial court did not err by failing to grant opportunity to cure defects before sustaining objections). We overrule Barnes's second issue.

## IV. CONCLUSION

Having overruled both of Barnes's issues, we affirm the county court at law's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED: October 18, 2012

5