02-12-173-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00173-CV

 

 


 
 
 Louis C. Barnes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Charles Michael Athens
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
two issues, Appellant Louis C. Barnes, appearing pro se, appeals the take-nothing
summary judgment granted in favor of Appellee Charles Michael Athens.  We will
affirm.

 

II.  Factual and Procedural Background

          Following
a three-car accident allegedly caused by Athens and resulting in injuries to
Barnes, Barnes sued Athens in the justice of the peace court.  The matter was
tried to a jury, which awarded Barnes $2,000 for pain and suffering. The
justice of the peace signed a judgment awarding Barnes $2,000, plus
postjudgment interest and court costs.  Barnes thereafter appealed the judgment
to the county court at law.[2] 

          In
the county court at law, Athens filed a traditional and no-evidence motion for
summary judgment, arguing under the traditional portion that Barnes had
originally filed his lawsuit after the expiration of the two-year statute of
limitations applicable to tort claims and arguing in the no-evidence portion
that Barnes had no evidence to prove his negligence claim.  Barnes, in response,
filed his first amended original petition and a response to Athens’s motion for
summary judgment.  One day before the hearing on Athens’s motion for summary
judgment, Athens filed objections to Barnes’s summary judgment evidence and
served Barnes via certified and first-class mail the same day.  The following
day, the county court at law heard Athens’s objections to Barnes’s summary
judgment evidence and sustained all of Athens’s objections.  The county court
at law thereafter granted Athens’s motion for summary judgment without stating
the reasons and signed a judgment that Barnes take nothing on his claims
against Athens.  Barnes perfected this appeal.

III. 
County Court at Law Did Not Abuse Its Discretion By Considering and Sustaining Timely-Filed
Objections Without Giving 

Opportunity
to Cure Defects

 

          In
his first issue, Barnes complains that the county court at law erred by
granting summary judgment when the summary judgment response was filed one day
before the hearing and was not properly before the court.  In fact, Athens
filed objections to Barnes’s summary judgment evidence one day before
the hearing; Athens was the summary judgment movant and did not file a
response.  The rules and cases that Barnes relies upon are not applicable
here.  Rule 166a does not impose a deadline by which a movant must file its
reply (including objections) to a nonmovant’s response.  See Tex. R.
Civ. P. 166a(c); Shelton v. Sargent, 144 S.W.3d 113, 119 (Tex. App.—Fort
Worth 2004, pet. denied).  As a result, a trial court acts within its
discretion when it considers objections filed as late as the day of the
hearing.  See Reynolds v. Murphy, 188 S.W.3d 252, 259 (Tex. App.—Fort
Worth 2006, pet. denied) (holding that movant’s objections to competency of a
nonmovant’s evidence that were filed the day of the summary judgment hearing were
not untimely and could be considered and ruled upon by the trial court),
cert. denied, 549 U.S. 1281 (2007); Shelton, 144 S.W.3d at 118–19
(holding that trial court was within its discretion to consider appellees’ objections
to summary judgment evidence even though objections were filed two days before
summary judgment hearing); see also Bradford Partners II, L.P. v. Fahning,
231 S.W.3d 513, 521–22 (Tex. App.—Dallas 2007, no pet.) (holding that
objections, filed one day before the summary judgment motion was submitted to
the trial court, were timely).  We hold that the county court at law did not abuse
its discretion by considering and ruling upon Athens’s objections.  We therefore
overrule Barnes’s first issue.[3]

          In
his second issue, Barnes argues that the county court at law erred by
sustaining Athens’s objections to Barnes’s summary judgment evidence without
allowing Barnes an opportunity to cure the defects.[4]
 But the record does not show that Barnes requested the opportunity to cure the
defects.  The civil docket notes that “¶ appeared” at the summary judgment
hearing, but no record was made of the summary judgment hearing.  Nothing exists
in the record to show that Barnes took any action in the county court at law to
indicate that he desired the opportunity to correct any defects in his summary
judgment evidence; the record does not show that Barnes requested or filed a
motion for continuance for time to respond to Athens’s objections.  The county
court at law did not err by ruling on Athens’s objections without granting Barnes
relief he did not request––that being the opportunity to cure the defects in
his summary judgment evidence.  See Coleman v. Woolf, 129 S.W.3d 744,
750 (Tex. App.—Fort Worth 2004, no pet.) (holding that in absence of timely
request, objection, or motion seeking the opportunity to cure defects, trial
court did not err by failing to grant unrequested relief of providing
opportunity to cure defect in doctor’s affidavit); Webster v. Allstate Ins.
Co., 833 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding
that in the absence of request for a continuance in order to respond to
objections, trial court did not err by failing to grant opportunity to cure defects
before sustaining objections).  We overrule Barnes’s second issue.

IV.  Conclusion

          Having
overruled both of Barnes’s issues, we affirm the county court at law’s
judgment.

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

 

DELIVERED:  October 18, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00173-CV

 

 


 
 
 Louis
 C. Barnes
  
  
 v.
  
  
 Charles
 Michael Athens
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From County Court at Law
 No. 2
  
 of
 Tarrant County (2011-007635-2)
  
 October
 18, 2012
  
 Opinion
 by Justice Walker
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellant Louis C. Barnes shall pay all of the costs of
this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 









[1]See Tex. R. App. P. 47.4.





[2]Athens states in his brief
that he mailed Barnes a check in full satisfaction of the judgment and a
release of judgment but that Barnes returned the check. The record before us
does not contain evidence to support or refute these statements.





[3]To the extent that
Barnes’s first issue could be very broadly construed as a challenge not only to
the trial court’s consideration of Athens’s objections but also as a challenge
to the summary judgment for Athens, Barnes makes no argument attacking the
substantive grounds on which Athens sought summary judgment—that Barnes filed
suit outside the applicable statute of limitations and that no evidence exists
of negligence by Athens.  Consequently, even broadly construing Barnes’s issue,
he has not shown that the summary judgment for Athens was erroneous.





[4]Barnes concedes in his
brief that Athens’s objections “had some merit.” Barnes does not argue on
appeal that the substance of the trial court’s rulings sustaining Athens’s
objections was erroneous—only that he should have been given an opportunity to
cure any defects before the trial court ruled.