**Affirmed and Opinion Filed May 2, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00106-CV

### JOE AND SHIRLEY NATHAN, Appellants
### V.
### USAA GENERAL INDEMNITY, Appellee

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 103228-422**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

The trial court granted summary judgment for appellee USAA General Indemnity in this dispute about insurance benefits for storm damage to Joe and Shirley Nathan's home. Shirley Nathan[1] appeals, contending the trial court erred by denying her leave to file a late summary judgment response, denying her motion to

---

[1] The record reflects that Joe Nathan died before this lawsuit was filed. "The Estate of Joe Nathan" filed a nonsuit of its claims against USAA on October 26, 2022, and the estate's administrator is not a party to this appeal. *See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.* 192 S.W.3d 780, 786 (Tex. 2006) (decedent's estate is not a legal entity and may not properly sue or be sued as such). Accordingly, our references to "Nathan" are to Shirley only.

compel mediation, and granting USAA's motion for summary judgment. Concluding that the trial court did not err in its rulings, we affirm.

**BACKGROUND**

The Nathans purchased a homeowner's insurance policy from USAA for the policy year February 11, 2018 to February 11, 2019. Nathan filed a property damage claim with USAA for roof and interior damage to her home from a storm in December 2018. After an inspection, USAA estimated that the cost to repair the damage fell below the policy's $2,500 deductible. Accordingly, USAA paid nothing on the claim.

Nathan obtained her own estimate and demanded over $32,000 in damages and $10,000 in attorney's fees. When USAA refused to pay, Nathan filed this suit on August 28, 2019, for breach of the policy. She also sought an appraisal.

In the years following, the parties conducted an appraisal and discovery. Trial was set for October 3, 2022. On September 23, 2022, however, Nathan filed an amended petition alleging a revised claim for breach of contract and numerous new extracontractual claims.[2] Attached as "Exhibit A" was a document entitled "Plaintiff's Motion to Compel Mediation Pursuant to § 541.161 of the Texas Insurance Code and § 17.5051 of the Texas Business and Commerce Code and Brief

---

[2] Nathan alleged claims for "breach and anticipatory breach of contract" (Count 1), breach of the duty of good faith and fair dealing (Count 2), deceptive trade practices and unconscionable conduct (Count 3), violations of the Texas Prompt Payment of Claims Act (Count 4), unfair insurance practices under Texas Insurance Code Chapter 541 (Count 5), fraud (Count 6), and "ongoing conspiracy to commit illegal acts" (Count 7).

in Support of Motion to Compel Mediation." Nathan did not reference Exhibit A or request mediation in her amended petition. She did not set her motion for mediation for hearing.

USAA filed a traditional and no-evidence motion for summary judgment on October 18, 2022, directed to Nathan's amended petition. Among other grounds for summary judgment, USAA alleged there was no evidence to support each specific element of Nathan's claims in Counts 1 through 7 of the amended petition.

After conferring with Nathan's counsel, USAA's counsel set the hearing on the motion for summary judgment for November 17, 2022, almost thirty days after the motion was filed. Nathan did not respond until two days before the hearing date, when she filed a motion for leave to file a late response. In her motion, Nathan argued that the deadline for filing amended pleadings had not yet passed. She did not explain the reason for her failure to timely respond, did not explain how allowing the late response would not cause undue delay or harm to USAA, and did not support her motion by affidavit.

The following day, which was one day before the scheduled hearing, Nathan filed a response to the summary judgment motion and a motion to compel mediation. The motion to compel mediation was never set for a hearing.

The court heard USAA's summary judgment motion as scheduled on November 17, 2022. Following the hearing, the trial court signed an order denying Nathan's motion for leave to file a late response and granted USAA's no-evidence

–3–

motion as to all of Nathan's claims. Nathan filed a motion for new trial and to reconsider that the trial court denied. This appeal followed.

## DISCUSSION

In three issues, Nathan contends the trial court erred by (1) denying her leave to file a late summary judgment response, (2) denying her motion to compel mediation, and (3) granting USAA's no-evidence motion for summary judgment. We address the applicable standards of review in our discussion of each issue.

### 1. Late summary judgment response

In her first issue, Nathan contends the trial court erred by denying her leave to file a late summary judgment response. USAA filed its motion for summary judgment on October 18, 2022, and the following day, obtained Nathan's counsel's agreement to a November 17, 2022 hearing date. Nathan filed her motion for leave on November 15, 2022, two days before the scheduled hearing. The trial court denied the motion for leave by written order on November 17, 2022.

We review the trial court's decision to deny a motion for leave to file a late summary judgment response for abuse of discretion. *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 369 (Tex. App.—Dallas 2005, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

A motion for leave to file a late summary judgment response should be granted when the nonmovant establishes good cause by showing that the failure to

–4–

timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injury the party seeking summary judgment. *El Dorado Motors, Inc.*, 168 S.W.3d at 369. Nathan did not address either of these matters in her motion. Instead, she argued that "the November 28, 2022 deadline to amend pleadings has not passed." She argued that leave of court should be granted because her response was filed more than seven days before the trial setting, "the discovery period is still ongoing," and USAA could not show surprise. The cases she cited in support of her argument, however, address amended pleadings, not summary judgment responses. *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990) (post-verdict amendment to pleadings to increase amount of damages to conform to amount awarded by jury); *Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999) (under TEX. R. CIV. P. 63, trial court must allow pleading amendment absent showing of surprise). Nathan did not explain why her response was late or why there would be no delay or injury to USAA if the court permitted the filing. *See El Dorado Motors, Inc.*, 168 S.W.3d at 369.

Because Nathan failed to make the required showing of good cause, the trial court did not abuse its discretion by denying her leave to file her summary judgment response two days before the agreed-upon hearing date and almost four weeks after the motion was filed. *See, e.g.*, *Tex. Petroleum Land Mgmt., LLC v. McMillan*, 641 S.W.3d 831, 849 (Tex. App.—Eastland 2022, no pet.) (where appellants failed to

show either good cause or lack of undue prejudice, trial court did not abuse its discretion by denying leave to file late summary judgment response). We overrule Nathan's first issue.

### 2. Motion to compel mediation

In her second issue, Nathan contends the trial court erred by denying her motion to compel mediation under § 17.5051(b) of the Texas Business & Commerce Code and § 541.161 of the Texas Insurance Code. Nathan filed a motion to compel mediation with her first amended petition on September 23, 2022, and with her motion for leave to file her late summary judgment response on November 15, 2022. Nathan did not set these motions for hearing and did not obtain a ruling from the trial court on either motion. Accordingly, she has presented nothing for our review. TEX. R. APP. P. 33.1 (preservation of appellate complaints); *Shaw v. Cty. of Dallas*, 251 S.W.3d 165, 174 (Tex. App.—Dallas 2008, pet. denied) ("To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling."). We overrule Nathan's second issue.

### 2. Summary judgment

In her third issue, Nathan argues the trial court erred by granting USAA's motion for summary judgment. USAA sought summary judgment on both traditional and no-evidence grounds. The trial court granted USAA's no-evidence motion. A no-evidence motion places the burden on the non-movant to present summary

–6–

judgment evidence raising a genuine fact issue. *Bradford Ptrs. II, L.P. v. Fahning*, 231 S.W.3d 513, 516–17 (Tex. App.—Dallas 2007, no pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Id.* We determine whether the non-movant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 517.

USAA sought summary judgment on all of Nathan's causes of action. USAA identified the elements for each cause of action for which there was no evidence. As we have explained, the trial court denied Nathan's motion to file her untimely response. Accordingly, Nathan failed to meet her burden to raise genuine issues of fact on her causes of action. *See id.*

Nathan, however, argues that "there was sufficient summary judgment evidence presented that it was error to grant summary judgment." Noting that USAA filed a traditional motion with supporting evidence as well as its no-evidence motion, Nathan argues she can rely on that evidence to raise fact issues precluding judgment on USAA's no-evidence motion. She also argues the trial court could consider "admissions" in USAA's pleadings as evidence supporting her claims. In sum, Nathan argues that she may rely on USAA's pleadings and the evidence that USAA provided in support of its traditional motion for summary judgment to raise genuine issues of material fact precluding judgment on USAA's no-evidence motion. We disagree. "A properly filed no-evidence motion shifts the burden to the nonmovant

to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). Nathan presented no evidence in response to USAA's motion.

We also note that even if the trial court had permitted Nathan to file her response and affidavit, Nathan's conclusory statements and general references to the policy and her beliefs were insufficient to raise genuine issues of material fact on her claims. *See, e.g., Gilham v. Sanchez*, No. 05-17-01449-CV, 2019 WL 2082466, at *6 (Tex. App.—Dallas May 13, 2019, pet. denied) (mem. op.). In *Gilham*, we explained that in response to a no-evidence summary judgment motion, the nonmovant must identify "the specific summary judgment evidence it asserts raises a fact question and explain why that evidence raises a fact issue." *Id.* at *5; *see also Bich Ngoc Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776–77 (Tex. App.—Dallas 2013, pet. denied) (party submitting summary judgment evidence must specifically identify the supporting proof on file it seeks to have the trial court consider). Nathan made only general statements in her affidavit, such as she "believes Defendant Insurer made material misrepresentations; for example, if Plaintiff was not adequately covered for damages to Plaintiff's home resulting from the December 12, 2018 wind and hailstorm, then Plaintiff would not have purchased insurance from Defendant Insurer." She did not identify what misrepresentations were made or how she relied on them to her detriment. When asked in her deposition, "So, what are you asserting USAA did wrong in regards to any communication you had with

–8–

USAA?," Nathan responded "I don't know about that." Nathan's conclusory statements were insufficient to raise a fact issue precluding summary judgment on her claims. *See id.; see also Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 844 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Broad conclusory statements are not valid summary judgment evidence."); *Walker v. Eubanks*, 667 S.W.3d 402, 407 (Tex. App.—Houston [1st Dist.] 2022, no pet.) ("To challenge on appeal each possible ground advanced in support of the no-evidence summary judgment, an appellant must cite the specific evidence in the record he relied upon to defeat the motion and he must describe why that evidence raised a fact issue."). We overrule Nathan's third issue.

## CONCLUSION

The trial court's judgment is affirmed.

230106f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE AND SHIRLEY NATHAN,
Appellant

No. 05-23-00106-CV     V.

USAA GENERAL INDEMNITY,
Appellee

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 103228-422.
Opinion delivered by Justice
Breedlove. Justices Smith and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee USAA General Indemnity recover its costs of this appeal from appellant Shirley Nathan.

Judgment entered this 2nd day of May, 2024.

–10–